FILED
SUPERIOR COURT
OF GUAM

2014 MAY 22  AM 11: 25

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                Plaintiff,<br><br>     v.<br><br>GEORGE GREY,<br><br>                Defendant. | CRIMINAL CASE NO. CF 0586-13<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 21st day of May, 2014, for hearing on the Defendant's Motion in Limine to Exclude Testimony of Surveillance Video. Assistant Attorney General Gabrielle L. Rossi represents the People, and Alternate Public Defender Stephen P. Hattori represents the Defendant. For the reasons set forth below, the Defendant's Motion in Limine is DENIED.

### BACKGROUND

The Defendant George Grey is charged with third degree robbery, arising out of an alleged purse snatching outside the Carl Rose Tumon Plaza on October 28, 2013. By and through counsel, the Defendant submitted a Motion in Limine to Exclude Testimony of Surveillance Video on May 21, 2014. The Defendant expects the People to call Officer Heflin, who was tasked with reviewing the surveillance footage of the area surrounding the building, to testify as to his observations of the footage. The Defendant also expects the People to proffer

three still photographs from the surveillance footage. However, the Defendant expects that the People will not proffer the original surveillance recording or a duplicate thereof. The Defendant requests the Court exclude both Officer Heflin's testimony and the three still photographs for not complying with Guam Rules of Evidence 1002 and 1003.

## DISCUSSION

The Guam Rules of Evidence are derived from the federal rules, and the current version was promulgated by the Supreme Court of Guam in 2006. See 6 GCA Div. 1 §§ 101-103 (2011). Guam Rules of Evidence 1002 and 1003 mirror the language of the previous versions of Federal Rules 1002 and 1003, those in effect until the Federal Rules were restyled without substantive change in 2011. See Guam Rules of Evidence 1002, 1003; see Rules Enabling Act, 28 U.S.C. § 2072 (2011); see Federal Rule of Evidence 101, Committee Note; see Federal Rules of Evidence 1002, 1003.

Guam Rule of Evidence 1002 reads: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by the laws of Guam." Guam Rule of Evidence 1002. Guam Rule of Evidence 1003 reads: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Guam Rule of Evidence 1003. The key terms in these rules are defined in Rule 1001. The definition of "photograph" includes video recordings. Guam Rule of Evidence 1001(2). An "original" of a photograph includes the photograph itself, any negative or print, and if the photograph is stored electronically, any printout or other output readable by sight and shown to reflect the data accurately. Guam Rule of Evidence 1001(3). A "duplicate" is a counterpart to the original made by techniques that accurately reproduce the original. Guam Rule of Evidence 1001(4).

The Defendant argues that the three still photographs derived from the surveillance video, and Officer Heflin's testimony about what he saw on the video, are not admissible either as originals or duplicates. Def.'s Mot. p. 2, ll. 15-21 (May 21, 2014). The Court need not rule on the precise status of the three still photographs and the testimony at this time, however, as there are other grounds upon which to adjudicate the motion.

Guam Rule of Evidence 1004 creates exceptions to Rule 1002 when originals or duplicates are not required. It its entirety, Rule 1004 reads:

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if –
> (1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
> (2) Original not obtainable. No original can be obtained by any available judicial process or procedure; or
> (3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or
> (4) Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue.

Guam Rule of Evidence 1004.

"Secondary evidence is admissible to prove the contents of a writing if the terms of Rule 1004(1) are satisfied." Shorehaven Corp. v. Taitano, 2001 Guam 16 ¶ 10 (citing United States v. Ross, 33 F.3d 1507, 1513 (11th Cir. 1994)). Oral testimony may serve as secondary evidence. Shorehaven Corp. at ¶ 10 (citing Wiley v. United States, 257 F.2d 900, 909 (8th Cir. 1958)). If Rule 1004(1) is satisfied, then the exception to Rule 1002 applies, and neither an original nor a duplicate is required.

The Defendant states that the three still photos of the surveillance tape "are the only copies available," implying that the surveillance tape no longer exists. Def.'s Mot. p. 2 ll. 9-10 (May 21, 2014). But the Defendant does not say why the surveillance tape no longer exists, and

makes no allegations and proffers no evidence of bad faith by the People. The Defendant does argue that Officer Heflin's observations will be biased, and thus argues that the officer's interpretation is not an adequate duplicate of the surveillance video. Def.'s Mot. p. 2, l. 6, p. 3, ll. 8-12 (May 21, 2014). But this allegation of a police officer's professional bias is unrelated to the reason no original or duplicate surveillance video is available and thus cannot overcome the exception in Rule 1004(1). Without any showing of bad faith, the Court must accept secondary evidence under the exception. See Shorehaven Corp. v. Taitano, 2001 Guam 16 ¶ 11 (overruling a Superior Court exclusion of secondary evidence because that there was no proof that a party destroyed or unconscionably hid the original evidence); Edward W. Cleary et al., McCormick's Handbook of the Law of Evidence § 237 (2nd ed. 1972) ("[I]f as a practical matter the document cannot be produced because it has been lost or destroyed, the production of the original is excused and other evidence of its contents becomes admissible").

## CONCLUSION

The Defendant argues the still photographs and testimony are not admissible as originals or duplicates under Guam Rules of Evidence 1002 and 1003. But the Defendant has not provided sufficient allegations or proof to show that the Rule 1004(1) exception for lost or destroyed originals is inapplicable. For the reasons set forth above, the Defendant's Motion in Limine to Exclude Testimony of Surveillance Video is DENIED. The denial of this motion is not a ruling that the still photographs and testimony are admissible, and the Court reserves the right to rule on admissibility at a later time.

IT IS SO ORDERED **MAY 2 2 2014** _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of: Served in
Court: G. Rossi - AG
S. Hattori - APD
Date: 5/02/14 Time: 11:30a

Deputy Clerk, Superior Court of Guam